IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HOOKS,

    Plaintiff,                             No. CIV S-05-1763 MCE DAD P

    vs.

MAX RUFFCORN,                       ORDER AND

    Defendant.                  FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a Shasta County Jail inmate. On September 2, 2005, plaintiff filed a two-page document labeled "Complaint," together with an application to proceed in forma pauperis. Both documents are defective.

        Plaintiff's in forma pauperis application has been submitted on an out-of-date form that does not include all of the required information. See 28 U.S.C. § 1915. If this action proceeds, plaintiff will be required to submit a new application on a current form. If in forma pauperis status is granted, plaintiff will be obligated to pay the $250.00 filing fee in installments until the full amount is paid, and the institution where plaintiff is confined will be directed to deduct money from plaintiff's inmate trust account and forward the money to the court. Due to the defects of plaintiff's complaint, the court will not direct plaintiff to submit a new in forma pauperis application at this time.

1

1  The court is required to screen complaints brought by inmates who seek relief
2  against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C.
3  § 1915A(a). In such cases, the court must dismiss claims that are legally frivolous or malicious,
4  fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant
5  who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2). In all cases in which a
6  plaintiff is seeking leave to proceed in forma pauperis, the court is required to dismiss the action
7  if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
8  monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

9  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.
15  1989); Franklin, 745 F.2d at 1227.

16  A claim must be dismissed for failure to state a claim upon which relief may be
17  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim
18  that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.
19  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
20  complaint under this standard, the court accepts as true the allegations of the complaint . See
21  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes
22  the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's
23  favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24  The Civil Rights Act under which this action was filed provides as follows:
25  Every person who, **under color of [state law]** . . . subjects, or
causes to be subjected, any citizen of the United States . . . to the
26  deprivation of any rights, privileges, or immunities secured by the

> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).  The statute requires an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present case, plaintiff has sued the public defender appointed to represent him in two state criminal cases in Shasta County Superior Court.  The defendant is Max Ruffcorn, Senior Deputy Public Defender in the Shasta County Public Defender's Office.  Plaintiff wants defendant Ruffcorn removed from his cases on the grounds that the defendant "has no interest" in plaintiff's cases and hurt plaintiff's feelings by advising plaintiff that his chances are not good because of his past.  Plaintiff claims the public defender's office is "no good" and he "would love to have a new attorney."  Plaintiff's concluding request is that defendant Ruffcorn be removed from plaintiff's cases.  On the civil cover sheet attached to his complaint, plaintiff has entered "unaffective counsel" as his cause of action.

Plaintiff is advised that federal courts do not intervene in ongoing state criminal proceedings except in rare circumstances.  Plaintiff has not alleged such circumstances.  Plaintiff's desire for new counsel must be presented to the state trial court.  If his request for new counsel is denied and he is convicted, plaintiff's federal remedy for a claim of ineffective assistance of counsel in state criminal proceedings is a petition for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Plaintiff may not filed such a petition in federal court until his conviction is final, he has appealed his conviction, and has exhausted state court remedies on all claims he wishes to present to the federal court.

1  Plaintiff is advised that he cannot proceed with a federal civil rights action against
2 defendant Ruffcorn because attorneys do not act under color of state law for purposes of § 1983
3 when they serve as defense counsel in criminal proceedings. The Supreme Court has held that,
4 "[a]lthough lawyers are generally licensed by the States, 'they are not officials of government by
5 virtue of being lawyers.'" <u>Polk County v. Dodson</u>, 454 U.S. 312, 319 n.9 (1981) (quoting <u>In re</u>
6 <u>Griffiths</u>, 413 U.S. 717, 729 (1973)). A defense attorney, whether privately retained, employed
7 by the state as a public defender, or appointed, "does not act under color of state law when
8 performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."
9 454 U.S. at 325. Plaintiff cannot sue defendant Ruffcorn in a federal civil rights action brought
10 under 42 U.S.C. § 1983. In the absence of any claim cognizable under § 1983, this action should
11 be dismissed.
12  Accordingly, IT IS ORDERED that plaintiff's September 2, 2005 application to
13 proceed in forma pauperis is denied; and
14  IT IS RECOMMENDED that this action be dismissed with prejudice for failure to
15 state a cognizable claim.
16  These findings and recommendations will be submitted to the United States
17 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
18 twenty days after being served with these findings and recommendations, plaintiff may file
19 written objections with the court. A document containing objections should be titled "Objections
20 to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
21 objections within the specified time may, under certain circumstances, waive the right to appeal
22 the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
23 DATED: November 7, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25 DAD:13:bb
hook1763.noc

4